Abraham J. Gelrihoff, J.
This is an article 78 proceeding brought by the Legal Aid Society, on behalf of all criminal defendants with prior Family Court records. The petition seeks a judgment prohibiting the District Attorney of New York County from using the prior Family Court history of a defendant in a criminal case, upon an application for bail (CPL 510.30). Petitioner asserts that such use of the Family Court history contravenes sections 783 and 784 of the Family Court Act.
Section 783 provides that “ the fact that a person was before the family court ” on charges of juvenile delinquency shall not be ‘ ‘ admissible as evidence against him or his interest in any other court.” The section also provides that “ Another court, in imposing sentence upon an adult after conviction, may receive and consider the records and information on file with the family court concerning such person when he was a child.”
■Section 784 provides that the police records relating to the arrest and disposition of a person brought before the Family Court as an alleged juvenile delinquent “ shall be kept in files separate and apart from the arrests of adults and shall be withheld from public inspection ’ ’. That section also provides that these records may be inspected by ‘1 the parent, guardian, next friend or attorney ’ ’ of the person on the order of the Family 'Court, or of a Judge in a court in which the person is subsequently convicted of a crime.
The salutary purpose of these provisions is to treat the Family Court proceedings as noncriminal in nature. Section 783 is essentially a rule of evidence, preventing Family Court proceedings from being treated as criminal convictions for purposes of impeachment at trial (see, for example, Murphy v. City of New York, 273 App. Div. 492). Section 784 prevents police records in juvenile cases from being accessible to the general public. But nothing in these provisions requires the criminal justice system to don blinders, and pretend that a criminal defendant’s youthful misconduct never occurred.
Thus, even though section 783 prohibits the admission into evidence of the fact of a defendant’s prior appearance before the Family Court, the underlying charges that required such appearance may nevertheless be explored by a prosecutor to impeach a defendant’s credibility (see, People v. Vidal, 26 N Y 2d 249, 253-254). Indeed, by its express provisions, section 783 makes available the entire Family Court record to a sentencing court. And while section 784 prohibits “ public inspec *390 tion ” of the police records involving juveniles, nothing in that section prohibits the use of such records within the criminal justice system.
In short, a criminal defendant’s juvenile activities need not always be ignored, and the question remains whether the Family Court history may be used on an application for bail in a criminal case.
Essentially, an application for bail is an appeal to the court’s discretion. The court is required to make a judgment as to the nature of control necessary to secure the defendant’s appearance, and, in an extreme case, as to whether the defendant’s release would constitute a grave threat to the safety of society (see, People v. Melville, 62 Misc 2d 366, 373-374). In reaching its determination, the court is mandated by statute to “ take into account ” the defendant’s “ character, reputation, habits and mental condition,” as well as his prior criminal record, previous record in responding to court appearances, his ties to the community, the weight of the evidence against him, his employment and his financial resources (CPL 510.30).
In applying these criteria, the court is not limited to the consideration of admissible evidence; the statute requires the court to make ifs determination “ on the basis of available information.” Indeed, except perhaps for sentencing, it is difficult to imagine a stage of the criminal process when it is more imperative for the court to obtain all relevant information, regardless of admissibility at trial, than at the time bail is set. For, in determining whether a defendant shall be imprisoned or released pending trial, the court is only partly concerned with the quantum of proof of guilt of the crime charged; its primary burden is to analyze the background and character of the defendant (see, generally, People ex rel. Gonzales v. Warden, 21 N Y 2d 18). The court thus requires every item of information available in order to avoid injustice to either the defendant or to society.
That a criminal defendant has been involved with the law during his youth is obviously relevant to a determination as to his “character, reputation, habits and mental condition.” And the statutory direction that a prior juvenile record shall not be “ admissible as evidence ” is inapposite to a bail application, inasmuch as the function of the court on a bail application is not to receive ■“ evidence ”, but rather to obtain “ available information”. Additionally, section 784 of the Family Court Act does not prohibit a police officer from divulging the contents of a police department file to the prosecutor, nor does it prohibit *391 the prosecutor from divulging those contents to the court for the purpose of setting bail.
The court concludes that upon a bail application in a criminal case, respondent acts lawfully in reporting to the court any information possessed by him as to a defendant’s past record, including his juvenile record. The application is denied, and the petition dismissed.