**UNITED STATES of America,**
**Appellee,**

v.

**Mateo CUELLO, a/k/a "Matthew Cuello," Defendant–Appellant.**

**Docket No. 03–1321.**

United States Court of Appeals,
Second Circuit.

Argued: Jan. 16, 2004.

Decided: Feb. 3, 2004.

Darrell B. Fields, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant Mateo Cuello.

E. Danya Perry, Assistant United States Attorney (James B. Comey, United States Attorney, on the brief, and Gary Stein, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee United States of America.

Before: OAKES and JOSÉ A. CABRANES, Circuit Judges, and AMON, District Judge.*

JOSÉ A. CABRANES, Circuit Judge.

Defendant Mateo Cuello appeals a May 19, 2003 judgment of conviction entered by the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*), which sentenced him principally to a 46–month term of imprisonment. Defendant argues that the District Court improperly counted a prior New York state "youthful offender adjudi-

* The Honorable Carol B. Amon of the United States District Court for the Eastern District of New York, sitting by designation.

cation" as a prior felony conviction for the purpose of calculating his base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 2K2.1 (providing an enhanced base offense level based in part on whether the defendant committed the offense after sustaining one or more felony convictions). We hold that the District Court did not err in counting defendant's New York state youthful offender adjudication as a prior felony conviction for the purpose of calculating his base offense level under U.S.S.G. § 2K2.1. Accordingly, we affirm the judgment of the District Court.

## BACKGROUND

On November 21, 2002, defendant pleaded guilty to being a felon in possession of a firearm and being a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Court applied U.S.S.G. § 2K2.1(a)(2), which assigns a base offense level of 24 to defendants who " committed ... the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Adjusting this base offense level for acceptance of responsibility, and combining that adjusted offense level with defendant's criminal history, the Court found defendant's range of punishment under the Guidelines to be 46 to 57 months of imprisonment. The Court then sentenced defendant to the shortest term within that range, 46 months of imprisonment, followed by three years of supervised release, and imposed a special assessment of $200.

On appeal, defendant argues that the District Court miscalculated his base offense level by erroneously applying U.S.S.G. § 2K2.1(a)(2) to assign him a base offense level of 24. Instead, he argues, the Court should have applied U.S.S.G. § 2K2.1(a)(4)(A), which assigns a base offense level of 20 to defendants who have only one prior "felony conviction of ... a controlled substance offense," U.S.S.G. § 2K2.1(a)(4)(A), and which, in combination with the other factors considered by the District Court, would have yielded an applicable range of punishment of 30 to 37 months. According to defendant, the Court miscalculated by erroneously counting as a prior "felony conviction" under section 2K2.1 a 1996 substance abuse offense that resulted not in a felony conviction, but rather, in a New York state youthful offender adjudication.

The Government argues that the District Court correctly interpreted the Guidelines and our precedents to count defendant's 1996 youthful offender adjudication as a relevant prior felony conviction under section 2K2.1.

## ANALYSIS

### I. Standard of Review

■ Whether the District Court correctly interpreted U.S.S.G. § 2K2.1 is a question of law, which we review *de novo*. *United States v. Matthews*, 205 F.3d 544, 545 (2d Cir.2000).

### II. United States Sentencing Guidelines § 2K2.1

U.S.S.G. § 2K2.1(a) supplies standards for determining the base offense level of defendants convicted of "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition" or engaging in "Prohibited Transactions Involving Firearms or Ammunition." U.S.S.G. § 2K2.1. Under that section, a defendant's base offense level should be 20 if he committed the current offense after sustaining "one felony conviction of either a crime of violence or a controlled substance offense," *id.* § 2K2.1(a)(4)(A), but it should be 24 if he committed the current offense after he sustained "two felony conviction[s] of ei-

ther a crime of violence or a controlled substance offense," *id.* § 2K2.1(a)(2). Which section applies to defendant here depends entirely on whether his 1996 controlled substance offense in New York, which has been designated in that state a "youthful offender adjudication," constitutes a second prior felony conviction for the purpose of U.S.S.G. § 2K2.1(a)(2).

■ Application Note 5 to U.S.S.G. § 2K2.1 defines terms as they are used in section 2K2.1. The definition of "felony conviction" reads as follows:

> "Felony conviction" means *a prior adult federal or state conviction* for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen years or older is an adult conviction. *A conviction for an offense committed prior to age eighteen years is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted* (e.g., a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult).

U.S.S.G. § 2K2.1, comment. (n.5) (emphases added). Because defendant was 16 years old at the time of the 1996 offense, the Guidelines require that we look to the laws of the State of New York governing defendant's 1996 offense to determine whether it constitutes an adult felony conviction under section 2K2.1(a).

## III. New York Youthful Offender Adjudications

Article 720 of the New York Criminal Procedure Law establishes the legal status of "youthful offender," which courts may assign to convicted defendants between the ages of 16 and 19 who meet certain conditions. N.Y.Crim. Proc. Law §§ 720.10(1) & (2), 720.20(1) (McKinney 2003). Courts have the discretion to designate an eligible convicted defendant a "youthful offender" if "in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record ...." *Id.* § 720.20(1). Once a convicted defendant is adjudicated a "youthful offender," his conviction is "deemed vacated and replaced by a youthful offender finding," *id.* § 720.20(3), and the court imposes a "youthful offender sentence" under N.Y. Penal Law § 60.02. A court's "youthful offender finding" and imposition of a "youthful offender sentence" are together designated a "youthful offender adjudication." N.Y.Crim. Proc. Law § 720.10(6).

Defendant argues that the District Court erred in counting his youthful offender adjudication as a prior adult felony conviction for the purpose of calculating his base offense level under U.S.S.G. § 2K2.1(a), because the youthful offender adjudication had the effect of "vacat[ing] and replac[ing]" his conviction under New York law. N.Y.Crim. Proc. Law § 720.20(3). Thus, in defendant's view, the 1996 offense yielded no "conviction" that could be relevant to his sentencing for the instant offense.

■ The Government points out, however, that irrespective of the title New York law assigns a youthful offender adjudication after the fact, a conviction under New York criminal law is a prerequisite for a youthful offender adjudication. *See Capital Newspapers Div. of the Hearst Corp. v. Moynihan,* 71 N.Y.2d 263, 268, 519 N.E.2d 825, 827, 525 N.Y.S.2d 24, 26 (1988) ("[Y]outhful offender status is ... determined only after [a] defendant has been tried and convicted criminally."); *Niver v. State,* 1 Misc.3d 579, 770 N.Y.S.2d 577, 581 (Ct.Cl. 2003) (observing that "the benefits

of a youthful offender adjudication flow to an individual only after being arrested, charged, tried and convicted as a criminal defendant," in the course of holding that a youthful offender adjudication constituted a prior conviction for the purposes of New York's unjust conviction statute). Moreover, New York law treats youthful offenders as adults in many respects, despite the terminology the "youthful offender" statutes impose; youthful offenders may be tried and convicted in adult forums, *see* N.Y.Crim. Proc. Law § 720.20, and, although subject to a four-year maximum term of imprisonment, youthful offenders convicted of a felony are committed, as are adult felons, to the custody of New York's Department of Correctional Services, *see* N.Y. Penal Law §§ 70.20; 60.02(2), 70.00(2)(e).

■■■■■ The Government further points out that New York law itself permits consideration of youthful offender adjudications in a variety of contexts analogous to calculation of the defendant's base offense level under the United States Sentencing Guidelines. Sentencing judges in New York courts may take into account a prior youthful offender adjudication when evaluating a defendant's criminal history. *See People v. Davis,* 267 A.D.2d 597, 701 N.Y.S.2d 130, 131 (3d Dep't 1999) (noting that sentencing court "properly took into consideration, *inter alia,* the fact that defendant had failed to learn from the opportunity presented to him by the youthful offender adjudication afforded for the prior crime he committed at age 16"); *People v. Sapp,* 169 A.D.2d 659, 565 N.Y.S.2d 79, 79 (1st Dep't 1991) (affirming a sentence in part on the basis of defendant's "criminal history, including the fact that defendant was previously adjudicated a youthful offender in a prior attempted robbery conviction"); *People v. Thiel,* 51 A.D.2d 1093, 381 N.Y.S.2d 354, 354 (3d Dep't 1976) (affirming sentence in part on the basis of defendant's "stormy history with our crim-inal justice system, including a youthful offender adjudication"). A youthful offender adjudication may also be considered in determining a defendant's status under the Sex Offender Registration Act in the State of New York. *See People v. Vite–Acosta,* 184 Misc.2d 206, 708 N.Y.S.2d 583, 585 (Sup.Ct. Bronx County 2000) ("[A]lthough a youthful offender adjudication is not a conviction, it is still a reliable indicator of wrongdoing and therefore should be considered in assessing an offender's likelihood of re-offense and danger to public safety."). A prior youthful offender adjudication in a defendant's criminal history may also be considered in parole and bail determinations under New York law. *See Pina v. Hammock,* 109 Misc.2d 980, 441 N.Y.S.2d 344, 346 (Sup.Ct. Cayuga County 1981), *aff'd,* 89 A.D.2d 799, 453 N.Y.S.2d 479, 480 (4th Dep't 1982); *Brunetti v. Scotti,* 77 Misc.2d 388, 353 N.Y.S.2d 630, 633 (Sup.Ct. New York County 1974).

## IV. *Matthews* and *Driskell*

The Government also argues that the reasoning of our decisions in *United States v. Matthews,* 205 F.3d 544 (2d Cir.2000), and *United States v. Driskell,* 277 F.3d 150 (2d Cir.2002), in which we considered the appropriate treatment of New York youthful offender adjudications under other sections of the Sentencing Guidelines, compels the conclusion that defendant's youthful offender adjudication counts as an adult conviction for the purpose of section 2K2.1.

In *United States v. Matthews,* we considered whether the sentence imposed on a defendant after a youthful offender adjudication is appropriately counted under U.S.S.G. § 4A1.2 in the calculation of a defendant's criminal history score. Specifically, the defendant in that case argued that a youthful offender adjudication constituted an "expunged conviction" for the purpose of U.S.S.G. § 4A1.2(j) (providing that "[s]entences for expunged convictions

are not counted"). *See Matthews*, 205 F.3d at 545.

We rejected that argument, holding that whether a conviction had been "expunged" for the purpose of section 4A1.2(j) of the Guidelines depended on the "language and design of the state statute, as well as its purpose." *Id.* at 546. Considering the nature of New York's youthful offender statutes, we noted the many instances, several of which we have enumerated above, *see* Analysis, section III, *ante*, in which New York law permits use of past youthful offender adjudications for the purposes of law enforcement. *See id.* at 547–48. We further noted the various declarations by the state courts of New York regarding the narrow purpose of the youthful offender statutory scheme: "The youthful offender provisions of the Criminal Procedure Law emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts," *People v. Drayton*, 39 N.Y.2d 580, 584, 385 N.Y.S.2d 1, 350 N.E.2d 377 (1976), and "[t]he 'youthful offender' statute was not to shield a criminal from an overview of his criminal background in determining a proper sentence," *Pina*, 441 N.Y.S.2d at 346. *Matthews*, 205 F.3d at 548. Concluding that New York's youthful offender law evinced an intent only to "set aside" a conviction for the purposes of avoiding stigma, rather than to erase all record of the conviction or to preclude its future use by courts, we concluded that a youthful offender adjudication did not constitute an "expunged" conviction for the purpose of U.S.S.G. § 4A1.2(j). *See id.* at 548–49.

In *United States v. Driskell*, we considered the broader question whether a conviction replaced by a youthful offender adjudication could ever constitute an "adult conviction" under U.S.S.G. §§ 4A1.1, comment. (n. 1) and 4A1.2(d), which provide for calculating a defendant's criminal history by assigning points for, *inter alia*, each of his prior "adult convictions." According to U.S.S.G. § 4A1.2(d), "adult convictions" include offenses committed prior to a defendant's eighteenth birthday if the defendant was "convicted as an adult and received a sentence of imprisonment exceeding one year and one month." We summarized the arguments and our conclusion in that case as follows:

> Essentially, the parties dispute whether the label the New York statutory scheme places on Driskell or the substance of Driskell's attempted murder trial and resulting sentence control whether he was convicted as an adult within the meaning of U.S.S.G. §§ 4A1.1 and 4A1.2(d). We hold that a district court, in calculating a defendant's criminal history pursuant to [those sections], should look to the substance of the past conviction rather than the statutory term affixed to it by a state court. Accordingly, a court may consider a defendant's eligible past conviction, even when that conviction has been vacated and deemed a youthful offender adjudication under New York law, in those situations where, as here, the defendant although under age eighteen was tried in an adult court, convicted as an adult, and received and served a sentence exceeding one year and one month in an adult prison.

*Driskell*, 277 F.3d at 154.

Rejecting the defendant's argument that his youthful offender adjudication could not be considered an "adult conviction" because New York law did not designate it a "conviction" of any kind, we held in *Driskell* that, to identify an "adult conviction" for the purposes of sections 4A1.1 and 4A1.2(d) of the Guidelines, a district court must determine whether a defendant was "convicted" and "received a sentence"

of a certain length, regardless "whether the state court has ultimately reduced its disposition to judgment or to some other term." *Id.* at 156. Thus, "[r]ather than finding New York's label conclusive," we held that "the better course is for a district court to examine the substance of the prior conviction at issue; to 'focus on the nature of the proceedings, the sentences received, and the actual time served.'" *Id.* at 157 (quoting *United States v. Pinion*, 4 F.3d 941, 944 (11th Cir.1993)).

Defendant argues that *Matthews* and *Driskell* are not controlling in this case because neither case considered a Guidelines provision that included the precise language of Application Note 5 to U.S.S.G. § 2K2.1, particularly that provision's reliance on whether a conviction is "classified as an adult conviction" in the forum in which a defendant was convicted. However, our reasoning in those cases, particularly *Driskell*, supports the Government's argument that whether a conviction is "*classified* as an adult conviction" (emphasis added) under New York law for the purpose of Application Note 5 must depend on more than merely whether New York law uses the term "conviction" to describe the offense after the fact. We recently held in *United States v. Reinoso*, 350 F.3d 51 (2d Cir.2003), that the analysis of *Matthews* and *Driskell* applies to Guidelines provisions governing the calculation of a defendant's base offense level, despite the fact that both those cases interpreted provisions governing the calculation of a defendant's criminal history. *See Reinoso*, 350 F.3d at 54. We reasoned in that case, interpreting *Driskell*, that "[b]ecause an eligible youth is not deemed a youthful offender until after he has been convicted as an adult, and 'the court has, in its discretion, determined that the interest of justice would be served by relieving the eligible youth from the onus of a criminal record,' ... a youthful offender adjudication does not alter the substance of a defendant adult's conviction." *Id.* (quoting

*Driskell*, 277 F.3d at 155 (internal quotation marks omitted)). We see no reason why the use of the word "classified" in Application Note 5 renders that analysis inapplicable in this case.

Moreover, in *Driskell*, we cited with approval the Eleventh Circuit's opinion in *United States v. Pinion*, 4 F.3d 941 (11th Cir.1993), which considered a Guidelines provision that included commentary using precisely the same language as Application Note 5. *See Pinion*, 4 F.3d at 944–45 & n. 6 (interpreting U.S.S.G. § 4B1.2, comment. (n.3) (1991)), *cited in Driskell*, 277 F.3d at 157 & n. 9. Despite that commentary's reference to the manner in which state law "classifie[s]" the conviction, the Eleventh Circuit held that the language of the commentary "suggests the guidelines' willingness to accommodate a state's *treatment* of its criminals. Thus, because the guidelines do not specifically address 'youthful offender' convictions, the mere title [of 'youthful offender'] is not dispositive without an investigation of the pragmatic effect of the proceedings." *Pinion*, 4 F.3d at 944 n. 6. We agree.

 As we observed in both *Matthews* and *Driskell*, the nature and apparent purpose of New York law regarding youthful offender adjudications contradicts defendant's argument—that youthful offender adjudications are categorically not "adult convictions" under New York law— in almost every respect beyond the purely semantic. Accordingly, we apply the reasoning of *Matthews* and *Driskell* to the instant case, and hold that determining whether a New York youthful offender adjudication is "classified as an adult conviction under the laws of" New York for the purpose of U.S.S.G. § 2K2.1 requires "district court[s] to examine the substance of the prior conviction at issue; to 'focus on the nature of the proceedings, the sentences received, and the actual time

served.'" *Driskell,* 277 F.3d at 157 (quoting *Pinion,* 4 F.3d at 944). Here, where defendant was indisputably tried and convicted in an adult forum, and where defendant served his sentence in an adult prison, the District Court correctly applied section 2K2.1 to count his youthful offender adjudication as an adult conviction, which, along with defendant's second prior conviction, warranted a base offense level of 24 under section 2K2.1(a)(2).

## CONCLUSION

We hold that the District Court correctly interpreted and applied U.S.S.G. § 2K2.1 to count defendant's youthful offender adjudication in New York as an "adult conviction." Accordingly, the judgment of the District Court is affirmed.