**UNITED STATES of America,**
**Appellee,**

v.

**Jamel SAPP, Defendant–Appellant.**

**Docket No. 03–1412.**

United States Court of Appeals,
Second Circuit.

March 31, 2004.

Barry D. Leiwant, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Appellant.

Daniel E. Wenner, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief; Emily Berger, Assistant United States Attorney), Eastern District of New York, Brooklyn, NY, for Appellee, of counsel.

PRESENT: FEINBERG, CABRANES and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant argues on appeal that the District Court improperly counted a prior New York state "youthful offender adjudication" as a prior felony conviction for the purpose of calculating his base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 2K2.1 (providing an enhanced base offense level based in part on whether the defendant committed the offense after sustaining one or more felony convictions). Defendant argues that his "youthful offender adjudication" should not count as a prior felony conviction under section 2K2.1 because it is not "classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted," as required by Application Note 5 to sec-

tion 2K2.1. U.S.S.G. § 2K2.1, cmt. n. 5 (2003).

However, in our recent opinion in *United States v. Cuello,* 357 F.3d 162 (2d Cir. 2004), we rejected this interpretation of section 2K2.1. In *Cuello,* we held instead that

> determining whether a New York youthful offender adjudication is "classified as an adult conviction under the laws of" New York for the purpose of U.S.S.G. § 2K2.1 requires "district court[s] to examine the substance of the prior conviction at issue; to 'focus on the nature of the proceedings, the sentences received, and the actual time served.' "

*Id.* at 168–69 (citations omitted).

Here, it is not disputed that the District Court applied this methodology in sentencing the defendant. Nor does defendant argue that the District Court improperly applied this standard. Accordingly, we affirm the judgment of the District Court, for substantially the reasons stated in our opinion in *United States v. Cuello,* 357 F.3d 162 (2d Cir.2004).

The judgment of the District Court is AFFIRMED.