UNITED STATES of America,
Appellee,

v.

Tyshea MINCEY, also known as Tyshea Ferrell; DeShawn Ferrell, also known as Barry Shawn, Defendants–Appellants.

Docket Nos. 03–1419(L), 03–1520(CON).

United States Court of Appeals,
Second Circuit.

Aug. 12, 2004.

Sam Braverman, Bronx, NY, for Appellant Mincey. Theodore S. Green, White Plains, NY, for Appellant Ferrell.

Glenn C. Colton, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

This order resolves all issues raised by appellants except their contention, premised on *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that a district court could not impose sentence based on guideline enhancements not proved to a jury beyond a reasonable doubt. That contention is rejected in an opinion also filed today.

Tyshea Mincey and DeShawn Ferrell appeal from judgments convicting them of offenses related to their violation of federal firearms laws and sentencing Ferrell to 234 months imprisonment and Mincey to 51 months imprisonment. We assume the parties' familiarity with the facts, the procedural history, and the specification of appellate issues, and we rule as follows.

█ 1. Because the reasonable doubt instruction, taken as a whole did not create "a reasonable likelihood that the jury misinterpreted" the burden of proof, it was not error. *United States v. Doyle,* 130 F.3d 523, 536 (2d Cir.1997).

█ 2. Admission of a government witness's prior consistent statement, made when she was initially questioned by government agents, to rebut Ferrell's suggestion that the witness had recently fabricated her testimony was not error because Ferrell fails to establish that the witness had a motive to falsely implicate him at the time of the questioning. *See United States v. Khan,* 821 F.2d 90, 94 (2d Cir.1987)

(holding that not even the arrest of a witness necessarily creates a motive to falsely implicate others).

■ 3. The court did not abuse its discretion in curtailing Ferrell's cross-examination of a government agent because it received or indicated that it would receive other evidence that adequately allowed Ferrell to present his defense to the jury. *See United States v. Sasso,* 59 F.3d 341, 347 (2d Cir.1995) (holding that the district court has wide discretion to limit cross-examination).

■ 4. Defendants argue that a surreptitiously taped conversation was erroneously admitted because it was not relevant and was prejudicial. They also argue that the admission of the evidence violated 18 U.S.C. § 2515 because the conversation was recorded without their permission and without a court order while they were left alone in a police vehicle. Because the proof of defendants' guilt was overwhelming, we need not address either contention. *See United States v. Tubol,* 191 F.3d 88, 96–97 (2d Cir.1999) (citing Fed.R.Crim.P. 52(a) for the proposition that we must disregard any error that did not affect the jury's verdict and holding that the strength of the government's overall case is the most important factor in determining whether the asserted error could have affected the jury's verdict).

5. Mincey submits that even if *Blakely* does not apply to the federal Sentencing Guidelines, his sentence was miscalculated. We disagree. The district court did not clearly err in finding by the preponderance of the evidence that Mincey obstructed justice under U.S.S.G. § 3C1.1, and that his offense involved more than seven firearms, *see* U.S.S.G. § 2K2.1(b)(1)(B). *See United States v. Franklyn,* 157 F.3d 90, 97 (2d Cir.1998) (stating that factual findings can be reviewed only for clear error); *United States v. Cordoba–Murgas,* 233

F.3d 704, 708 (2d Cir.2000) (holding that the district court makes factual findings relevant to sentencing by the preponderance of the evidence).

6. Ferrell's contention that the district court could not determine his offense level pursuant to U.S.S.G. § 2K2.1(a)(4) because his prior narcotics conviction was converted to a youthful offender adjudication is precluded by *United States v. Cuello,* 357 F.3d 162, 169 (2d Cir.2004), which Ferrell has not sought to distinguish.

As explained in the opinion also filed today, no mandate will issue at this time.