**UNITED STATES of America,**
**Appellee,**

v.

**Felix CRUZ, Defendant–Appellant,**

**No. 04–3415–CR.**

United States Court of Appeals,
Second Circuit.

June 14, 2005.

after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Defendant to a term of 57 months' imprisonment, to be followed by three years' supervised release, and a mandatory $100 special assessment was imposed. We reject Defendant's argument that the district court erred in calculating his sentence under the November 2003 edition of the United States Sentencing Guidelines (the "Guidelines"), but remand the case to the district court for proceedings consistent with *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

Defendant argues on appeal that the district court erred in calculating his base offense level under § 2K2.1 of the Guidelines. The district court enhanced Defendant's offense level under § 2K2.1(a)(2) on the basis of Defendant's two prior felony convictions for controlled substance offenses. Defendant argues here, as he did in the district court, that his "youthful offender adjudication" following a 2001 conviction in New York Supreme Court for criminal possession of a controlled substance in the third degree is not a qualifying "adult conviction" for purposes of § 2K2.1(a)(2). We disagree.

As a preliminary matter, we note that we reach this Guidelines issue notwithstanding the fact that the Guidelines are now only advisory under *Booker* because "the district court on remand remains under an obligation to consider 'the sentence that would have been imposed under the Guidelines.'" *United States v. Maloney*, 406 F.3d 149, 152 (2nd Cir.2005) (quoting *Crosby*, 397 F.3d at 113). Our resolution

Daniel L. Stein, Assistant United States Attorney, (Harry Sandick, Assistant United States Attorney), for David N. Kelley, United States Attorney for the Southern District of New York, New York, NY, for Appellee, of counsel.

David A. Lewis, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Present: WINTER, KATZMANN, Circuit Judges, and KRAVITZ, District Judge.[1]

### SUMMARY ORDER

Defendant Felix Cruz appeals from a judgment of conviction entered on June 17, 2004 in the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*), following his guilty plea to one count of unlawfully possessing a firearm in interstate commerce

[1]. The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

of this issue on appeal will assist the district court in fulfilling that obligation.

We review the district court's interpretation of the Sentencing Guidelines *de novo,* and review the court's findings of fact for clear error. *See United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005); *United States v. Fiore,* 381 F.3d 89, 92 (2d Cir.2004). However, when, as here, we review a district court's application of the Guidelines to the facts, we take an "either/or approach." *United States v. Vasquez,* 389 F.3d 65, 74 (2d Cir.2004). Under this approach, we review "determinations that primarily involve issues of law" *de novo,* and we review "determinations that primarily involve issues of fact" for clear error. *Id.* at 74. Furthermore, "even a nominally legal issue might be so 'bounded by[ ] case-specific detailed factual circumstances' as to warrant 'clearly erroneous' review." *Id.* at 74–75 (quoting *Buford v. United States,* 532 U.S. 59, 65, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)).

Section 2K2.1 governs the crime of unlawful possession of a firearm by a convicted felon. Section 2K2.1(a)(2) provides for a base offense level of 24 if the defendant committed the offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Application Note 5 to § 2K2.1 defines the term "felony conviction" as follows:

> "Felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen years or older is an adult conviction. A conviction for an offense committed prior to age eighteen years is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted (e.g., a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult).

U.S.S.G. § 2K2.1, cmt. n. 5.

We have had a number of occasions to consider whether a New York youthful offender adjudication may be considered an adult conviction under the Sentencing Guidelines, and therefore, we will not repeat that discussion here. *See generally United States v. Cuello,* 357 F.3d 162 (2d Cir.2004); *United States v. Reinoso,* 350 F.3d 51 (2d Cir.2003); *United States v. Driskell,* 277 F.3d 150 (2d Cir.2002); *United States v. Matthews,* 205 F.3d 544 (2d Cir.2000). Suffice it to say that our case law teaches that in determining whether a New York youthful offender adjudication is "classified as an adult conviction under the laws of New York" for the purposes of § 2K2.1, "[r]ather than finding New York's label conclusive, . . . the better course is for a district court to examine the *substance* of the prior conviction at issue; to focus on the nature of the proceedings, the sentences received, and the actual time served." *Driskell,* 277 F.3d at 157 (emphasis added) (internal quotations omitted), *quoted in Cuello,* 357 F.3d at 168.

That is precisely what the district court did in this case. For in deciding that Defendant's 2001 conviction constituted an adult conviction, Judge Jones emphasized a number of factors that convinced her that Defendant's 2001 conviction was, in substance, an adult conviction. First, even though Defendant was sixteen at the time he committed the crime, he was charged with a serious adult crime, not a juvenile offense. Second, he was prosecuted and convicted in an adult court—the New York Supreme Court, Bronx County—rather than a family court. Third, although fol-

lowing his conviction as an adult he received a youthful offender adjudication, Defendant was sentenced to a term of probation of five years, the kind of sentence "that adults receive every day." Fourth, Defendant's probation was supervised by the Probation Department— which supervises adults—rather than an agency focused on juvenile delinquents. Fifth, had Defendant been sentenced to prison, he would have served his sentence in an adult prison, rather than a juvenile facility.[2]

Defendant does not seriously dispute any of those facts or that they weigh in favor of classifying his 2001 conviction as an adult conviction. Instead, Defendant argues that because he did not serve any time in prison and because the sentence of probation he received following his youthful offender adjudication was not available to adults convicted of the same offense, his conviction necessarily was not an adult conviction. We are unpersuaded.

First, while the defendants in *Cuello* and *Driskell* served prison sentences, nothing in those decisions suggests that a term of incarceration is required before a district court can classify a youthful offender adjudication as an adult conviction. *See generally Cuello*, 357 F.3d at 168–69; *Driskell*, 277 F.3d at 154–58. *Cuello* does require district courts to consider the "actual time served" when analyzing a prior youthful offender adjudication. *Cuello*, 357 F.3d at 168–69. But the essence of *Cuello*'s guidance is that the district court should look to the nature of the punishment received in an effort to understand the " 'pragmatic effect' " of the prior youthful offender proceedings. *Cuello*, 357 F.3d at 168 (quoting *United States v. Pinion*, 4 F.3d 941, 944 n.

6 (11th Cir.1993)). Therefore, the district court did not err when it considered Defendant's actual time served under the supervision of the adult-focused New York Probation Department.

Second, while Defendant is correct that under New York law probation is not available to adult defendants convicted of criminal possession of a controlled substance in the third degree, this one favorable fact does not control the multi-factor analysis we have urged district courts to employ. Indeed, *Cuello* and *Driskell* teach that district courts should eschew categorical approaches and instead weigh and consider all of the facts and circumstances in an effort to determine the "substance" of the conviction at issue. *See Cuello*, 357 F.3d at 168; *Driskell*, 277 F.3d at 157. As noted above, all of the other facts presented weighed in favor of categorizing the 2001 conviction as an adult conviction. Even the fact that Defendant received a sentence that only a youthful offender could receive for commission of this particular crime is somewhat offset by the additional fact, noted by the district court, that a five-year term of probation under the supervision of the Probation Department is a lengthy sentence and one that is similar to sentences adults regularly receive, albeit not for this offense. We note as well that had Defendant's probation been revoked for any reason, he would have been subject to a term of imprisonment in an adult prison. *See, e.g.*, N.Y. Penal Law § 65.00(2) (McKinney 2004) ("The court may modify or enlarge the conditions or, if the defendant commits an additional offense or violates a condition, revoke the sentence at any time prior to the expiration or termination of the period of proba-

---

**2.** We need not and do not decide what weight should be given to any of the factors identified by the district court. In particular, we need not resolve what weight should be given to the fact that Defendant was prosecuted and convicted in adult court, in light of Defendant's claim that all sixteen-year-olds charged with drug crimes in New York are prosecuted in adult courts.

**390**

tion."); N.Y. Penal Law § 60.01(4) ("In any case where a person has been sentenced to a period of probation imposed pursuant to [N.Y. Penal Law § 65.00], if the part of the sentence that provides for probation is revoked, the court must sentence such person to imprisonment or to the sentence of imprisonment and probation as provided for in [N.Y. Penal Law § 60.01(2)(d) ].").  In these circumstances, we cannot say that the district court erred in concluding that the fact that only youthful offenders may receive probation did "not really change in any meaningful way the nature of the proceedings in state court."

For the foregoing reasons, we agree with the district court's determination of the appropriate Guidelines sentence. However, Defendant has informed us that he seeks a remand in light of the Supreme Court's decision in *Booker*, and this Court's decision in *Crosby*.  The Government does not oppose a remand for those purposes.  Accordingly, we remand to the district court for further proceedings in accordance with *Crosby*.  *See United States v. D'Oliveira*, 402 F.3d 130, 133 (2d Cir.2005).

For the reasons set forth above, the judgment of the district court is AFFIRMED and the case is REMANDED to the district court for further proceedings.