### UNITED STATES of America, Appellee,

v.

### Harold SAUNDERS, Defendant–Appellant.

#### No. 07–4180–cr.

United States Court of Appeals, Second Circuit.

Aug. 27, 2008.

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Appellee.

Kathleen Naughton, Special Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, of counsel) for Benton J. Campbell, United States Attorney for the Eastern District of New York, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Harold Saunders appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Gershon, *J.*). The conviction was entered pur-

suant to Saunders's guilty plea on a charged count of possessing a firearm after a previous conviction for a felony, in violation of 18 U.S.C. § 922(g). The District Court sentenced him principally to 100 months' imprisonment. He challenges that sentence.

Saunders argues that the district court erred by treating his previous New York State youthful offender adjudication—which stemmed from a robbery committed when he was 17 years old—as an "adult conviction" under United States Sentencing Guideline § 2K2.1. Under that Guideline, Saunders was eligible for a base offense level of 24 if the charged offense (the weapon possession) was committed after Saunders had "sustain[ed] at least two felony convictions of either a crime of violence or a controlled substance offense." The robbery was one of the two felony convictions on which the Probation Department relied in recommending base level of 24. The government subsequently supported that position, and the district court adopted it. An offense committed prior to the age of 18 may be counted towards the two convictions only "if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." U.S.S.G. § 2K2.1, App. Note 1. Because the district court's interpretation of the Sentencing Guidelines raises a purely legal question, we review its decision *de novo*. *United States v. Matthews*, 205 F.3d 544, 545 (2d Cir.2000).

In *United States v. Cuello*, 357 F.3d 162 (2d Cir.2004), we held that "determining whether a New York youthful offender adjudication is 'classified as an adult conviction under the laws of' New York for the purpose of U.S.S.G. § 2K2.1 requires 'district court[s] to examine the substance of the prior conviction at issue; to focus on the nature of the proceedings, the sentences received, and the actual time served.'" *Id.* at 168–69 (quoting *United States v. Driskell*, 277 F.3d 150, 157 (2d Cir.2002)). Here, those factors support the district court's determination. Saunders was convicted in an adult court of a felony crime of violence, and the probationary term he received was supervised by the Department of Probation, which monitors adult probationers.

In prior cases, we have specifically focused on whether an offender served his time in an adult prison. *See, e.g., United States v. Pereira*, 465 F.3d 515, 522 (2d Cir.2006) ("Upon consideration of all the circumstances, with particular focus on the fact that the defendant was convicted in an adult court and served his sentence in an adult facility, we find that the district court's treatment of his youthful offender adjudication as an 'adult conviction' for purposes of calculating the offense level under the Unlawful Reentry Guideline was a proper exercise of the court's discretion."); *Driskell*, 277 F.3d at 157. The import of that factor is ambiguous in the case before us. Saunders was not originally sentenced to serve any time on the robbery adjudication, but he later violated this probation and was sentenced to a term in custody. The government has been unable to demonstrate where he served it, but has presented evidence that it was "likely" served at Riker's Island—an adult prison, albeit one with a separate facility for youth. Saunders, meanwhile, did not provide any evidence about where he served his sentence, despite being given the opportunity to do so. *See United States v. Jackson*, 504 F.3d 250, 253 (2d Cir.2007) (per curiam). In any event, we have explicitly disclaimed the notion "that a district court must make a finding of fact on the issue of where a defendant served his youthful offender sentence," *id.* at 253, and thus the district court's failure to do so here is not dispositive.

Saunders argues that our decision in *Cuello* was incorrect and should be revisited by this Court *en banc*. This we, as a panel, cannot do. *United States v. Brutus,* 505 F.3d 80, 87 n. 5 (2d Cir.2007). Alternatively, Saunders asks us to certify to the New York Court of Appeals the question of whether New York classifies a youthful offender adjudication as an adult conviction. In light of *Cuello,* however, we cannot conclude that we lack sufficient precedents to make a determination. *Tinelli v. Redl,* 199 F.3d 603, 606 n. 5 (2d Cir.1999) (per curiam).

We have considered all of Appellant's claims and found them to be without merit. Accordingly, we AFFIRM the judgment of the district court.