08-2443-cr, 08-4422-cr
United States v. Robinson;
United States v. Montanez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand and nine.

Present:  PIERRE N. LEVAL,
          ROSEMARY S. POOLER,
          BARRINGTON D. PARKER,
                    Circuit Judges,

_____

  UNITED STATES OF AMERICA,
                          Appellee,
          -v-
                                                      08-2443-cr,
  ANDRE ROBINSON, also known as Dre Dre, also known as      08-4422-cr
  Team, EDWIN MONTANEZ, also known as Sha, also known
  as Sha Dic, also known as Shadigga, also known as Shy,
                          Defendants-Appellants.

_____

Appearing for Defendant-Appellant
  Andre Robinson:                    Michael K. Bachrach, New York, NY.

Appearing for Defendant-Appellant
  Edwin Montanez:                    Brendan N. White, New York, NY.

Appearing for Appellee:  Elizabeth S. Riker, Asst. U.S. Attorney, Syracuse, NY.

In 08-2443, defendant-appellant Andre Robinson appeals from the sentence he received, on May 12, 2008, in the United States District Court for the Northern District of New York (Mordue, J.), after having pleaded guilty in that same court, on February 12, 2007, to one count of conspiracy to engage in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962, a provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[1]

According to the indictment, filed August 16, 2006, Robinson and thirteen co-defendants "were members and associates of a criminal organization in Syracuse, New York, known as [the] Brighton Brigade . . . ." It is alleged that the Brighton Brigade had been in existence since 1994. Robinson is named as a participant in six of the eighty-two overt acts alleged in the indictment as having been committed by the Brighton Brigade. All of these six acts involved the possession and/or sale of crack cocaine.

Robinson was represented at sentencing by court-appointed counsel, Christina Cagnina. Prior to sentencing, Cagnina submitted objections to the pre-sentencing report, arguing for downward departures because Robinson turned himself him in, cooperated with the Government in giving testimony against his co-defendants, and had only a limited role in the overall Brighton Brigade conspiracy. At sentencing, Cagnina specifically argued that one of the overt acts charged in the indictment was also improperly used as part of Robinson's criminal history calculation. Judge Mordue replied that Robinson would still be a criminal history category VI even if that overt act were dropped from the calculation of his criminal history, and therefore denied any recalculation. Noting that Robinson's guidelines range was 262 to 327 months, Judge Mordue, based upon a downward departure for Robinson's cooperation with the Government, sentenced him to 130 months of imprisonment.

We review a district court's sentencing determination for procedural and substantive reasonableness, a standard "akin to review for abuse of discretion." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). Robinson raises three objections to his sentence.

**A. Ineffective Assistance of Counsel.** Robinson correctly points out that, in neither her sentencing memorandum, nor at his sentencing hearing itself, did Cagnina set forth the terms of judicial discretion in sentencing matters after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and its progeny. See Kimbrough v. United States, 552 U.S. 85, 99-101 (2007) (discussing the effect of Booker upon judicial discretion in sentencing). Robinson asserts that this failure amounts to per se ineffective assistance of counsel.

---

[1] Also before us is the appeal of one of Robinson's co-defendants, Edwin Montanez, which has been docketed at 08-4422. Pending in Montznez's appeal are: (1) his attorney's motion, brought pursuant to Anders v. California, 386 U.S. 738 (1967), to withdraw as counsel and (2) the Government's motion for summary affirmance. Upon review, we have determined that both of these motions should be GRANTED.

We disagree. First, in the absence of evidence to the contrary, a sentencing judge is presumed to know the state of sentencing law. See United States v. Verkhoglyad, 516 F.3d 122. 129 (2d Cir. 2008). Further, the Government's pre-sentencing memorandum sets forth the nature of judicial discretion under the Guidelines after Booker, in some detail. Most importantly, however, in order to demonstrate ineffective assistance of counsel, Robinson must demonstrate that the alleged errors of his counsel so prejudiced him that but for these errors, the result of his sentencing hearing would have been different. See Strickland v. Washington, 466 U.S. 668, 687-96 (1984). Robinson does not make this demonstration because he does not point to any evidence of misapprehension of post-Booker application of the Guidelines by Judge Mordue. Robinson therefore cannot demonstrate that any remand, upon which his counsel would inform the sentencing judge of the realities of a post-Booker world, would likely result in a materially different sentence.

**B. Youthful Offender Status.** Robinson contends that it was improper for his 1994 New York State conviction for robbery to be counted as one of two prior felony convictions necessary for finding him to be a career offender under U.S.S.G. Section 4B1.1(a). Robinson does not deny that he was convicted of a felony punishable by at least a year in prison. Rather, he argues that because he was treated as a youthful offender, that conviction cannot support career offender status under the Guidelines.

As provided in Section 4B1.1 of the Sentencing Guidelines, a defendant is a career offender when, inter alia, the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Application Note 1 to Section 4B1.2 states that an offense committed prior to the age of eighteen may qualify as an "adult" conviction "if it was classified as an adult conviction under the laws of the jurisdiction in which the defendant is convicted." We have held that "determining whether a New York youthful offender adjudication is 'classified as an adult conviction under the laws of' New York . . . requires 'district court[s] to examine the substance of the prior conviction at issue; to 'focus on the nature of the proceedings, the sentences received, and the actual time served.'" United States v. Cuello, 357 F.3d 162, 168-69 (2d Cir. 2004) (quoting United States v. Driskell, 277 F.3d 150, 157 (2d Cir. 2002)). In Cuello, we held that the sentencing court properly treated a youthful offender adjudication as an adult conviction because the "defendant was indisputably tried and convicted in an adult forum, and . . . served his sentence in an adult prison." Id. at 169.

Robinson's youthful offender conviction was adjudicated in Onondaga County Court, an adult forum, and he initially received a sentence of five years probation. Because of probation violations, however, Robinson was sentenced to and served one year in prison. Therefore, like the defendant in Cuello, Robinson was both convicted in an adult forum, and he served his sentence in an adult prison and therefore his youthful offender conviction was properly considered in his classification as a career offender.

**C. Robinson's Prior Drug Conviction.** The other felony conviction supporting Robinson's career offender status is a conviction in New York state court for criminal sale of a controlled substance in the third degree, which is also charged as the first overt act in the RICO indictment. Robinson asserts that an overt act may not support career offender status because: (1) Section 4B1.2(c) of the Sentencing Guidelines provides that prior felonies must be "counted

separately" and (2) Section 4A1.2(a)(1) defines a "prior sentence" as a sentence "previously imposed upon an adjudication of guilt . . . for conduct not part of the instant offense." From this, Robinson concludes that his prior drug conviction cannot support career offender status because it is also charged in the indictment as part of the instant offense.

We disagree. Commentary to the RICO Sentencing Guideline provides that when a previously imposed sentence "result[s] from a conviction prior to the last overt act of the instant offense," that sentence may serve "as a prior sentence under § 4A1.2(a)(1) and not as a part of the instant offense." U.S.S.G. Section 2E1.1 cmt. n. 4. The commentary further provides that "[t]his treatment is designed to produce a result consistent with the distinction between the instant offense and criminal history found throughout the guidelines." Id.; see also United States v. Marrone, 48 F.3d 735, 738 (3d Cir. 1995) ("[T]he previously convicted RICO offender is in effect a repeat offender who breaks the law once by committing a predicate act and again by engaging in a pattern of racketeering activity."). Thus, where a prior conviction is charged as an overt act in support of a RICO conspiracy, and is followed by additional overt acts, a sentencing court may employ the prior conviction to support a finding of career offender status.

In the alternative, Robinson asserts that the inclusion of his drug conviction in the calculation of both his criminal history and his base offense level amounts to "unfair double-counting." See United States v. Minicone, 960 F.2d 1099, 1111 (2d Cir. 1992). As noted above, however, Judge Mordue recognized the purported double-counting problem and concluded that dropping the conviction for attempted criminal sale of controlled substance in the third degree from Robinson's criminal history calculation would have no effect. This conclusion is plainly correct in light of Robinson's extensive criminal record. Robinson makes no attempt on this appeal to demonstrate that his base offense level would have been different had this conviction not been considered in that calculation. Accordingly, Robinson has not demonstrated that a remand would result in a materially different sentence.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4