11-4663-cr
United States v. Brown

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand twelve,

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                   *Circuit Judges*.

─────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                   *Appellee*,

          -v-                                    11-4663-cr

JEROME BROWN, also known as Jamel Brown,

                   *Defendant-Appellant*.

─────────────────────────────────────────────────

Appearing for Appellant:     David A. Lewis, Federal Defenders of New York, New York, NY

Appearing for Appellee:      Daniel C. Richenthal, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York; Brent S. Wible, Assistant United States Attorney, *on the brief*), New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jerome Brown appeals the sentence of 72 months' imprisonment imposed by the district court on October 28, 2011. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Reasonableness review is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (citation and alterations omitted). "Whether the District Court correctly interpreted U.S.S.G. § 2K2.1 is a question of law, which we review *de novo*." *United States v. Cuello*, 357 F.3d 162, 164 (2d Cir. 2004).

The district court correctly considered the factors identified in *Cuello* to determine that Brown's previous New York state youthful offender adjudication counted as a previous conviction for a crime of violence under U.S.S.G. § 2K2.1. This Court has addressed the status of New York state youthful offender adjudications as previous convictions in many contexts, *see, e.g.*, *United States v. Pereira*, 465 F.3d 515 (2d Cir. 2006); *United States v. Jones*, 415 F.3d 256 (2d Cir. 2005); *United States v. Driskell*, 277 F.3d 150 (2d Cir. 2002); *United States v. Matthews*, 205 F.3d 544 (2d Cir. 2000), and we do not disturb those decisions here. As the district court identified the proper Guidelines range and sentenced Brown accordingly, we cannot conclude that the sentence in this case was either procedurally or substantively unreasonable. *See United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." (citation omitted)).

We find Brown's remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk