13-4273-cr
*United States v. Lesane*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand and fourteen.

PRESENT:
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges,*
        MICHAEL P. SHEA,[*]
                *District Judge.*

_____

UNITED STATES OF AMERICA,

              *Appellee,*

      - v. -                          No. 13-4273-cr

ERIC LESANE,

             *Defendant-Appellant.*

_____

            JESSICA R. LONERGAN (Michael A. Levy, *on the brief*), Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

---

[*] The Honorable Michael P. Shea, of the United States District Court for the District of Connecticut, sitting by designation.

LAURIE S. HERSHEY, Manhasset, NY, *for Defendant-Appellant*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Eric Lesane appeals from a judgment of conviction entered November 1, 2013 in the United States District Court for the Southern District of New York (Gardephe, *J.*), following Lesane's guilty plea. Lesane pled guilty to one count of being a felon in possession of a firearm with a defaced serial number, in violation of 18 U.S.C. §§ 922(g)(1) and (k). He was subsequently sentenced principally to 94 months' imprisonment, to be followed by three years' supervised release, and now challenges that sentence on appeal, arguing that the district court improperly treated Lesane's Youthful Offender Adjudications under New York law as adult convictions. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Whether a sentence "did not result from an 'adult conviction,' and was thus improperly included in the District Court's calculation" under the Sentencing Guidelines is "a pure question of law," which we review *de novo*. *United States v. Driskell*, 277 F.3d 150, 154 (2d Cir. 2002). Lesane's only claim on appeal is that the district court incorrectly treated two New York convictions that were subsequently vacated and replaced with "Youthful Offender Adjudications" under New York Criminal Procedure Law § 720.20 as prior adult convictions for the purpose of calculating his base offense level under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(2) and his criminal history points under U.S.S.G. § 4A1.2(d)(1). We have previously held that a Youthful Offender Adjudication must be treated as an adult conviction within the meaning of §§ 2K2.1(a)(2) and 4A1.2(d)(1) if the defendant "although under age eighteen was tried in an adult court, convicted

2

as an adult, and received and served a sentence exceeding one year and one month in an adult prison." *Driskell*, 277 F.3d at 154 (interpreting § 4A1.2(d)(1)); *United States v. Cuello*, 357 F.3d 162, 167 (2d Cir. 2004) (applying *Driskell* standard to § 2K2.1(a)(2)). In this case, the district court properly undertook the analysis outlined in *Driskell* and *Cuello*, and concluded that Lesane's Youthful Offender Adjudications should be treated as adult convictions because he "was prosecuted in Bronx County Supreme Court, which is an adult forum. He was convicted of felonies. He received sentences amounting to felony time, and he served those sentences in the New York State Department of Corrections adult facility." J.A. 80.

Lesane concedes that the district court was required by *Driskell* and *Cuello* to perform such an analysis, and does not argue that the court's analysis was flawed. Neither does he attempt to distinguish his case from *Cuello* or *Driskell*. His sole contention is that "*Cuello* and *Driskell* failed to give appropriate deference to New York law and to the intent of the Guidelines and should, respectfully, be overruled." Appellant's Br. 13-14. "In general, a panel of this Court is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 405 (2d Cir. 2014) (quoting *In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010)) (internal quotation marks omitted). The Guidelines commentary to which Lesane alludes and the proper amount of deference to give to New York's classification of youthful offenders were both considered by the *Cuello* and *Driskell* panels, and Lesane identifies no reason for disturbing those conclusions beyond his own disagreement with their outcome. *See Driskell*, 277 F.3d at 155-56 (concluding that the intent of New York law is best served by treating Youthful Offender Adjudications as adult convictions rather than juvenile adjudications); *Cuello*, 357 F.3d at 165 (quoting U.S.S.G. § 2K2.1, cmt. n.5). And his argument based on 18 U.S.C. § 921(a)(20) – which defines "crime punishable by imprisonment for

a term exceeding one year" for the purpose of various federal firearms provisions – is inapposite, particularly since this Court has flatly stated in an analogous youthful offender sentencing case that "we do not find [§ 921(a)(20)] to be persuasive for interpreting the Guidelines or appropriate to import . . . into the Guidelines." *United States v. Parnell*, 524 F.3d 166, 170 (2d Cir. 2008) (holding that a New York Youthful Offender Adjudication may be treated as a "crime punishable by imprisonment for a term exceeding one year" qualifying for sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)). *Cuello* and *Driskell* are part of a well-settled body of Second Circuit sentencing law that permits New York Youthful Offender Adjudications to be considered by courts applying the Sentencing Guidelines. *See, e.g.*, *United States v. Reinoso*, 350 F.3d 51, 54 (2d Cir. 2003) (holding that New York Youthful Offender Adjudications may be considered in calculating the base offense level under U.S.S.G. § 2L1.2); *United States v. Jones*, 415 F.3d 256, 263-64 (2d Cir. 2005) (holding that New York Youthful Offender Adjudications may be considered for purposes of the Career Offender Guideline, U.S.S.G. § 4B1.2, cmt. n.1). We decline Lesane's invitation to depart from these established precedents.

* * *

We have reviewed Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk