UNITED STATES of America
v.
Yveline Jeanne DeBARGE, Appellant
in No. 18,942,
and
Thierry DeBarge Appellant in No. 18,943.

Nos. 18942, 18943.

United States Court of Appeals,
Third Circuit.

Argued Oct. 22, 1970.

Decided Nov. 9, 1970.

Dennis H. Eisman, Needleman, Needleman, Segal & Tabb, Philadelphia, Pa. (Bernard L. Segal, Philadelphia, Pa., on the brief), for appellants.

Charles B. Burr, II, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., E.D.Pa., Jeffrey M. Miller, Asst. U. S. Atty., Philadelphia, Pa., on the brief) for appellee.

Before McLAUGHLIN, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellants, who are husband and wife, are citizens of France. They pleaded guilty to the violation of § 1326 of Title 8 by unlawful reentry into the United States without the authority or permission of the Attorney General. A sentence was imposed on each appellant of one year imprisonment which was suspended on the understanding that each would be expeditiously deported, and a fine of $1,000.

The appeals deal with the validity of the sentences. At the sentence hearing appellants' counsel asserted that after their deportation they had returned from abroad to Montreal to retrieve their pet terrier which they had left in the United

States and that when these efforts failed they reentered the United States and drove to Philadelphia in search of their pet. In this view it was their innocent love for their dog which brought about their unlawful reentry.

 In the course of the discussion at the sentencing hearing the district judge referred to the fact that both appellants had been arrested on charges of illegal possession of dangerous drugs and that the husband had also been arrested only two days prior to the hearing on charges of possessing narcotics and assaulting an officer. Appellants argue that the district judge treated their arrests as equivalent to convictions.

The record, however, does not bear out appellants' contention. On the contrary, it indicates only that the district judge inquired regarding their counsel's familiarity with these arrests, particularly with the one that had just occurred, and that he was well aware that they had not been convicted but merely arrested. This is clearly shown by the judge's comment: "I appreciate that they are merely accusations." His subsequent statement that counsel could not be sure that the charges would be resolved favorably to the appellants was made in response to counsel's confident assertion that the charges would be dismissed. It was an accurate observation, confirmed by experience that one can never be sure of the outcome of pending litigation and that counsel's opinion was not a fact. Moreover, the record shows no objection by counsel to the court's reference to the prior arrests.

 As the case has been presented to us, what appellants really seek is a remission of the fine of $1,000 imposed on each of them. From the record before us we believe the interest of justice will be served best by affirmance of the judgments in view of the opportunity which appellants will have to petition the district court under Rule 35 of the Federal Rules of Criminal Procedure for modification of the sentences within 120 days after receipt of our mandate. We, of course, express no opinion on the disposition the district court should make of such application if one is presented to it.

The judgments will be affirmed.