# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3300

_____

United States of America,     *
    *
        Appellee,     *
    *    Appeal from the United States
      v.     *    District Court for the
    *    Western District of Arkansas.
Fransisco Silva-Cintora, also known     *
as Pancho,     *        [UNPUBLISHED]
    *
       Appellant.     *

_____

Submitted: February 1, 2001
Filed: February 7, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Fransisco Silva-Cintora pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Denying an acceptance-of-responsibility reduction, the district court[1] imposed a sentence of 135 months imprisonment, 4 years supervised release, and a $5,000 fine. On appeal Silva-Cintora challenges the denial of the reduction and imposition of the fine, which he

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

argues he has little chance of paying because he is indigent and will be deported upon his release from prison. Having carefully reviewed the record, we affirm.

The district court did not clearly err in denying the acceptance-of-responsibility reduction, given its crediting of two law enforcement officers' testimony--supported by intercepted phone conversations--that Silva-Cintora had supplied drugs to two co-conspirators over several months, and its belief that he had minimized his involvement when he testified he had engaged in only one minor transaction. See United States v. Yell, 18 F.3d 581, 583 (8th Cir. 1994) (standard of review; whether defendant has accepted responsibility is factual question which depends largely on credibility assessments by sentencing court); United States v. Ngo, 132 F.3d 1231, 1233 (8th Cir. 1997) (affirming denial of reduction where, inter alia, defendant consciously attempted to mislead and minimize his involvement in offense; noting district court had opportunity to observe defendant's demeanor).

Nor did the district court err in imposing the fine. Silva-Cintora did not show that he was unable to pay the fine or unlikely to become able to pay it, see U.S.S.G. § 5E1.2(a), and the court clearly considered his ability to pay the fine in light of his earning capacity, as well as the need to deprive him of illegally obtained gains, see 18 U.S.C. § 3572. In addition, the court imposed the fine with the knowledge that Silva-Cintora would likely be deported. See 18 U.S.C. § 3613(b) (liability to pay fine terminates upon later of 20 years from entry of judgment or 20 years after release from prison, or upon death of individual fined); United States v. Thompson, 227 F.3d 43, 46-47 (2d. Cir. 2000) (rejecting defendant's argument that he would never be able to pay fine before his deportation upon release from prison; nothing in statute or Guidelines suggests defendants cannot pay fine after being deported, and court did not err in concluding defendant could earn enough money, during and after his 120-month prison term, to pay $5,000 fine).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.