**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 29, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-21076
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME LOPEZ-FLORES, also known as Jamie Flores,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-178-ALL
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jaime Lopez-Flores ("Lopez") was convicted of being unlawfully present in the United States. He appeals the district court's imposition of a $2,000 fine, arguing that the district court erred reversibly by imposing a fine based on his ability to earn money while in prison. Lopez argues that 28 C.F.R. § 345.35(a) prohibits deportable aliens from placement in Federal Prison Industries ("FPI") jobs.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Lopez does not argue and has not demonstrated that he is "currently under an order of deportation, exclusion, or removal," he has not shown that he is ineligible for an FPI job assignment under 28 C.F.R. § 345.35(a). The district court's determination that Lopez has the future ability to pay the fine through prison earnings is not clearly erroneous. Moreover, the fact of deportability alone does not prevent the imposition of a fine. United States v. Thompson, 227, F.3d (2d Cir. 2000).

Lopez also argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Lopez's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998). Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000), did not overrule that decision. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Thus, the district court did not err in sentencing Lopez under 8 U.S.C. § 1326(b).

The judgment of the district court is AFFIRMED.