**UNITED STATES of America,
Appellee,**

v.

**George LAMMERS, also known as
Johnny Blaze, Defendant–
Appellant.**

No. 04–1160–CR.

United States Court of Appeals,
Second Circuit.

Oct. 6, 2004.

Thomas A. Zonay, Ford & Zonay, P.C.,
Woodstock, VT, for Appellant.

Tristram J. Coffin, Assistant United
States Attorney (Peter W. Hall, United
States Attorney for the District of Ver-
mont, David V. Kirby, First Assistant
United States Attorney, on the brief), Bur-
lington, VT, for Appellee.

PRESENT: WALKER, Chief Judge, STRAUB, Circuit Judge, and RAKOFF, District Judge.*

## SUMMARY ORDER

Defendant-appellant George Lammers appeals from a judgment entered on March 1, 2004 in the United States District Court for the District of Vermont (William K. Sessions, *Chief Judge* ) convicting him, following his guilty plea, of directing a continuing criminal enterprise trafficking in ecstasy (MDMA), cocaine, and other controlled substances, in violation of 21 U.S.C. § 848. Familiarity with the facts and procedural history is assumed.

On appeal, Lammers challenges the district court's imposition of a fine under U.S.S.G. § 5E1.2(a), in spite of the Presentence Report's ("PSR") finding of indigence, and contends that the district court's conclusion that he could pay the fine was speculative. We review Judge Sessions' factual findings for clear error, *see United States v. Thompson,* 227 F.3d 43, 45 (2d Cir.2000), and conclude that the district court did not err in determining that Lammer's could pay a $50,000 fine.

U.S.S.G. § 5E1.2(a) provides: "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." The defendant bears the burden of showing that he is indigent. *See United States v. Corace,* 146 F.3d 51, 56 (2d Cir.1998); *United States v. Marquez,* 941 F.2d 60, 66 (2d Cir.1991). "While a sentencing court may not base the imposition of a fine on mere suspicion that the defendant has funds, it should not uncritically accept a defendant's representation that he has no assets."

*United States v. Kassar,* 47 F.3d 562, 567 (2d Cir.1995), *abrogated on other grounds, United States v. Mercurris,* 192 F.3d 290, 294 (2d Cir.1999). "[A]n inference that a defendant has funds may be drawn from circumstantial evidence," *United States v. Wong,* 40 F.3d 1347, 1383 (2d Cir.1994), and " 'evidence of lucrative illegal activity can support a judge's finding that a defendant is able to pay a fine levied against him,' " *Kassar,* 47 F.3d at 567 (quoting *United States v. Orena,* 32 F.3d 704, 716 (2d Cir.1994)).

For substantially the same reasons advanced by Judge Sessions at the sentencing hearing, we conclude that the district court did not err in imposing the fine. Although the PSR stated Lammers was indigent, the district court was entitled to reject defendant's self-serving claims based on other circumstantial evidence contained in the PSR and offered during the sentencing hearing. *See Kassar,* 47 F.3d at 567; *Wong,* 40 F.3d at 1383. Here, abundant evidence was presented that demonstrated Lammers directed a complex and lucrative drug smuggling operation, and the court was permitted to rely on this information in determining plaintiff's ability to pay a fine. *See Kassar,* 47 F.3d at 567; *Orena,* 32 F.3d at 716.

We have carefully considered all of Lammers' remaining arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.