**UNITED STATES of America,**

v.

**Clint FERNANDEZ, Defendant.**

**No. 04 CR.539(RPP).**

United States District Court, S.D. New York.

Jan. 31, 2005.

Sigal P. Mandelker, U.S. Attorney's Office, New York City, for Plaintiff.

Steven M. Statsinger, Federal Defender Division Legal Aid Society Attorney, New York City, for Defendant.

**OPINION & ORDER**

ROBERT P. PATTERSON, JR., District Judge.

The Defendant, Clint Fernandez, entered a plea of guilty on October 13, 2004 to possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Section 924(e) of Title 18 of the United States Code establishes a sentencing enhancement that must be imposed upon persons convicted of violations of 18 U.S.C. § 922(g)(1). Section 924(e) reads, in pertinent part, as follows:

> In the case of a person who violates section 922(g) of this title *and has three previous convictions* by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sen-

tence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis added). The issue before the Court is whether the Defendant must be sentenced to a mandatory term of imprisonment of at least fifteen years in view of his prior convictions "for a violent felony or a serious drug offense, or both."

The Defendant has two "previous convictions ... for a violent felony or a serious drug offense, or both," as those terms are used in 18 U.S.C. § 924(e).[1] The Defendant was convicted of attempted criminal sale of a controlled substance in the third degree in Bronx County Supreme Court and sentenced on March 7, 1995 to one year's imprisonment plus a suspended license for six months. This crime is a Class C felony under New York Penal Law Section 110, for which the maximum term of imprisonment is fifteen years. N.Y. Penal Law § 70.00(2)(c). Accordingly, the Defendant was convicted for a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii). The Defendant was convicted of attempted robbery in the second degree in Bronx County Supreme Court and sentenced on January 6, 1998 to three years' imprisonment. This crime is a Class D felony under New York Penal Law Sections 110 and 160.10, for which the maximum term of imprisonment is seven years. N.Y. Penal Law § 70.00(2)(d). Thus, the Defendant was convicted for a "violent felony" under 18 U.S.C. § 924(e)(2)(B).

Aside from the two convictions mentioned in the preceding paragraph, only one of the Defendant's other prior convictions—a 1993 youthful offender adjudication stemming from a conviction for robbery in the second degree—can be considered a "violent felony" for the sentencing enhancement contained in 18 U.S.C. § 924(e). A "violent felony" is defined, in relevant part, as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult." 18 U.S.C. § 924(e)(2)(B). Because the Presentence Report states that there is no claim that the Defendant carried a firearm, knife, or destructive

---

1.  Section 924(e)(2) defines the terms "serious drug offense," "violent felony," and "conviction" as follows:

    (A) the term "serious drug offense" means—
    (i) an offense under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 *et seq.*), for which a maximum term of imprisonment of ten years or more is prescribed by law; or
    (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

    (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
    (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.
    18 U.S.C. § 924(e)(2).

device when he committed the 1993 robbery, the issue is whether the Defendant's robbery conviction underlying his youthful offender adjudication constitutes a conviction for a "crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 924(e)(2)(B).

The term "crime punishable by imprisonment for a term exceeding one year," as it is used in Section 924(e)(2)(B), is defined in Section 921 as follows:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. *Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter,* unless such a pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added). According to the New York Criminal Procedure Law, once a court determines that a convicted defendant is a youthful offender, "the court must direct that the conviction be *deemed vacated and replaced* by a youthful offender finding." N.Y.Crim. Proc. Law § 720.20(3) (emphasis added). A "youthful offender finding" is defined as "a finding, *substituted for the conviction of an eligible youth,* pursuant to a determination that the eligible youth is a youthful

offender." N.Y.Crim. Proc. Law § 720.10(4) (emphasis added).

█ The Second Circuit has reviewed the effect of a New York youthful offender adjudication on the underlying conviction when interpreting the Federal Sentencing Guidelines.[2] *See United States v. Cuello,* 357 F.3d 162 (2d Cir.2004); *United States v. Driskell,* 277 F.3d 150 (2d Cir.2002); *United States v. Matthews,* 205 F.3d 544 (2d Cir.2000). "[J]udicial interpretation of a term as used in the Sentencing Guidelines does not control interpretation of the same term in a federal statute." *Terry v. Menifee,* No. 04 Civ. 4505(MBM), 2004 WL 2816775, at *3–4, 2004 U.S. Dist. LEXIS 21960, at *11–12 (S.D.N.Y. Nov. 1, 2004) (citing *United States v. LaBonte,* 520 U.S. 751, 768, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997)). Nonetheless, the Second Circuit's decision in *United States v. Matthews* is particularly relevant here. In *Matthews,* the issue was whether the convictions underlying youthful offender adjudications are "expunged convictions" for the purpose of U.S.S.G. § 4A1.2(j). The *Matthews* court explained that New York's youthful offender law is intended to "set aside" rather than to "expunge" convictions and, therefore, the court held that youthful offender adjudications do not "expunge" convictions. *See Matthews,* 205 F.3d at 548. In a subsequent decision analyzing the effect of youthful offender adjudications, the Second Circuit restated its holding in *Matthews* as follows:

> Concluding that New York's youthful offender law evinced an intent only to "set

---

**2.** The Second Circuit has also analyzed New York youthful offender adjudications in the context of another federal criminal statute. In *United States v. Sampson,* the Second Circuit held that a youthful offender adjudication could qualify as "a prior conviction for a felony drug offense [that] has become final," in accordance with the provisions of 21 U.S.C. § 841(b)(1), and sentenced the defendant to a mandatory sentence of ten years.

*See* 385 F.3d 183 (2d Cir.2004). The *Sampson* decision is distinguishable from this case, however, because, unlike the statute here, the statute under review in *Sampson,* 21 U.S.C. § 841(b)(1), did not provide that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter." 18 U.S.C. § 921(a)(20).

*aside*" a conviction for the purposes of avoiding stigma, rather than to erase all record of the conviction or to preclude its future use by courts, we concluded that a youthful offender adjudication did not constitute an "expunged" conviction for the purpose of U.S.S.G. § 4A1.2(j).

*United States v. Cuello,* 357 F.3d at 167 (emphasis added) (citing *Matthews,* 205 F.3d at 548–49).

In light of the Second Circuit's finding in *Matthews* and *Cuello* that under New York law youthful offender adjudications "set aside" the underlying convictions, the Defendant's 1993 conviction and youthful offender adjudication do not constitute a "conviction[ ] . . . for a violent felony" under 18 U.S.C. § 924(e)(1), as those terms are defined in 18 U.S.C. § 924(e)(2) and 18 U.S.C. § 921(a)(20). Accordingly, the Defendant does not have "three previous convictions . . . for a violent felony or a serious drug offense, or both," and he will be sentenced under the Sentencing Guidelines at an offense level of 21 and a Criminal History Category of IV.

IT IS SO ORDERED.