**UNITED STATES of America,**
**Appellee,**

v.

**Gary KAKOULLIS, Defendant–**
**Appellant.**

**Docket No. 05–0600–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 6, 2005.

Jacob V. Buchdahl, Assistant United States Attorney (John M. Hillebrecht, Assistant United States Attorney and David N. Kelley, United States Attorney for the Southern District of New York, on the brief), New York, New York, for Appellee.

Julie A. Clark, Brooklyn, New York, for Defendant–Appellant.

Present: WALKER, Chief Judge, MESKILL, and McLAUGHLIN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant-appellant Gary Kakoullis appeals from a January 27, 2005, judgment of conviction entered in the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*) sentencing Kakoullis to 87 months in prison, a fine in the amount of $15,000, and an assessment of $100. Kakoullis argues that the district court erred in finding that Kakoullis was able to pay a $15,000 fine. We assume familiarity with the facts and procedural history. We affirm the district court's ruling.

Kakoullis pled guilty to conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). According to the United States Sentencing Guidelines ("USSG"), Kakoullis's total offense level was 29, which yields a USSG recommended fine range of $15,000 to $4,000,000. U.S.S.G. § 5E1.2(c)(3). The defendant's Presentence Investigation Report ("PSR") indicates that he holds both a B.A. and an M.B.A. from British universities, that he earned in excess of $80,000 for several consecutive years, and that he had approximately $150,000 of equity in a home in London. Despite having raised no objection to the fine at the time of his sentencing, Kakoullis now argues that he is unable to pay the fine and should be resentenced.

Because Kakoullis's objection to his fine was not raised below, we review the imposition of the fine for plain error. *United States v. Margiotti*, 85 F.3d 100, 104 (2d Cir.1996)(citing *United States v. Liebman*, 40 F.3d 544, 551 (2d Cir.1994)). There was no error, let alone plain error.

Section 5E1.2 of the USSG provides that a district court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."

U.S.S.G. § 5E1.2(a). To determine the amount of the fine, the district court should consider "any evidence presented as to the defendant's ability to pay the fine ... in light of his earning capacity and financial resources." U.S.S.G. § 5E1.2(d)(2). Imposing a fine that the defendant is unable to pay is an abuse of discretion. *United States v. Salameh*, 261 F.3d 271, 276 (2d Cir.2001). The burden, however, is on the defendant to establish his inability to pay, either by independent evidence or by reference to the PSR. *United States v. Thompson*, 227 F.3d 43, 45 (2d Cir.2000).

The district court did not abuse its discretion in imposing the $15,000 fine. Kakoullis's only evidence of his inability to pay the fine is that he was assigned counsel pursuant to the Criminal Justice Act, and he was unable to post bail bond. But present inability to pay does not bar the imposition of a fine if the record contains evidence indicating an ability to pay in the future. *See id.* The district court judge did not abuse his discretion or commit plain error in determining that Kakoullis's future earning potential based on his education level and the existing equity in his London home represented an ability to pay the $15,000 fine.

For the reasons set forth above, the decision of the District Court of the Southern District of New York is hereby **AFFIRMED**.