06-4551-cr
USA v. Parnell

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

_____

August Term, 2007

(Argued: March 17, 2008                                        Decided: April 23, 2008)

Docket No. 06-4551-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

DONALD PARNELL,

*Defendant-Appellant.*

_____

B e f o r e :

WINTER, STRAUB, and SACK, *Circuit Judges.*

_____

On appeal from a judgment of conviction and sentence, Defendant-Appellant Donald Parnell argues that the District Court erred in including his youthful offender adjudication for attempted second degree burglary in New York State court to determine that he was a Career Offender under U.S.S.G. § 4B1.1. Because we find that the Guidelines are clear that convictions received for offenses committed when defendant is eighteen or older qualify as adult convictions and thus may be counted as "prior felony convictions" under the Career Offender Guidelines, we reject Parnell's argument that the express exemption of "set aside" convictions in 18 U.S.C. § 921(a)(20) from the Armed Career Criminal Act's sentence-enhancement provision should be imported into the Guidelines, and we affirm the judgment of the District Court.

_____

MARK D. FUNK, Rochester, NY, *for Defendant-Appellant*.

STEPHAN J. BACZYNSKI, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, *on the brief*), United States Attorney's Office for the Western District of New York, Buffalo, NY, *for Appellee*.

————————————

*Per Curiam:*

Defendant-Appellant Donald Parnell appeals from an amended judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*), entered on September 27, 2006, sentencing him on a guilty plea principally to 180 months' imprisonment, for one count of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). For the reasons that follow, we affirm the District Court's judgment.

**BACKGROUND**

On June 2, 2004, Parnell was charged by superseding information and pled guilty to possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was charged with being a felon in possession of a firearm because of two previous New York State convictions, for rape in the second degree and burglary in the third degree, both felonies.

Parnell pled guilty pursuant to a plea agreement that contemplated 90 months' imprisonment, and did not include enhancements under the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e) ("ACCA"), or the Career Offender Sentencing Guideline, *see* U.S. Sentencing

2

Guidelines Manual ("U.S.S.G.") § 4B1.1. However, when the Probation Department submitted its Presentence Investigation Report ("PSR") to the District Court, the PSR recommended that Parnell be sentenced as an Armed Career Criminal under the ACCA and as a Career Offender, due to the convictions for second degree rape and third degree burglary, as well as a newly discovered conviction for attempted second degree burglary.[1] Based on the three prior offenses and the recommended enhancements, Parnell's Guidelines range was 262 to 327 months.

The third and newly discovered offense of attempted second degree burglary was committed on December 24, 1984, when Parnell was eighteen years old. He was convicted on February 28, 1985, and on April 11, 1985, he received an adjudication as a youthful offender for the conviction. Pursuant to New York's Penal Law, attempted second degree burglary is a class D felony, punishable by up to seven years' imprisonment. *See* N.Y. Penal Law §§ 70.00, 110.00, 110.05[5], 140.25[2]. Parnell was sentenced to five years of probation for the offense, but was later found guilty of a violation of probation and sentenced to 1 1/3 to 4 years.

Upon being informed of the extent of Parnell's criminal history and the resulting Guidelines range, the District Court informed Parnell that it could not accept the 90 month sentence as specified in the plea agreement. The District Court offered Parnell the option of withdrawing his guilty plea. However, Parnell indicated that he did not wish to do so.

The District Court proceeded to sentence Parnell to 240 months' imprisonment, which included 180 months' imprisonment, the statutory minimum for being a felon in possession of a

---

[1] The Presentence Investigation Report and supplemental memorandum prepared by the Probation Officer were filed under seal. Insofar as we discuss information derived from sealed documents, those documents are unsealed to the limited extent referenced in this opinion, although the full documents shall remain physically withheld from public review. *See United States v. Verkhoglyad*, 516 F.3d 122, 124 n.2 (2d Cir. 2008).

3

firearm pursuant to the ACCA, *see* 18 U.S.C. § 924(e)(1), and 60 months' imprisonment, the statutory minimum, for possessing a firearm in furtherance of a drug trafficking offense, to be served consecutively, *see* 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D)(ii).  In sentencing Parnell to the statutory minimum, the District Court departed downward from the Guidelines range, finding that the range overrepresented the seriousness of Parnell's criminal history.

Parnell appealed his original sentence.  But while the appeal was pending, a district court judge in the Southern District of New York found that youthful offender adjudications do not qualify as "crime[s] punishable by imprisonment for a term exceeding one year" under the ACCA.  *United States v. Fernandez*, 390 F. Supp. 2d 277 (S.D.N.Y. 2005).  Based on *Fernandez*, Parnell and the government agreed that the appeal would be withdrawn and that the matter would be remanded to the District Court for a determination as to whether Parnell should be resentenced.  On September 18, 2006, the District Court agreed to resentence Parnell and decided that in resentencing him it would not consider Parnell an Armed Career Criminal. Nonetheless, the District Court held that the second degree rape conviction and the youthful offender adjudication for attempted second degree burglary were "crimes of violence" pursuant to U.S.S.G. § 4B1.2 and that Parnell was a Career Offender, which resulted in the same Guidelines range as in the original sentencing.[2]  The District Court again departed downward from the Guidelines based on a determination that the range overrepresented the seriousness of Parnell's criminal history and resentenced Parnell to the statutory maximum of 120 months'

---

[2]     At sentencing, the government took the position that the New York State conviction for third degree burglary should not be considered for Career Offender purposes, and the District Court declined to include that conviction in the Career Offender calculation. Thus, we do not consider it here.

4

imprisonment for being a felon in possession of a firearm, *see* 18 U.S.C. § 924(a)(2), and the statutory minimum of 60 months' imprisonment for possessing a firearm in furtherance of a drug trafficking offense, to be served consecutively, *see* 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D)(ii). Parnell objected to the inclusion of the youthful offender adjudication in the Career Offender calculation, and this appeal timely followed.

**DISCUSSION**

Parnell argues that the District Court erred in finding that he was a Career Offender under the Sentencing Guidelines, *see* U.S.S.G. §§ 4B1.1, 4B1.2, because the youthful offender adjudication he received for the conviction for attempted second degree burglary in New York State court "set aside" his conviction. Convictions that are "set aside" are expressly exempted from the calculation of defendant's previous convictions under the ACCA, pursuant to the Firearms Owners' Protection Act, Pub. L. No. 99-308, 100 Stat. 449 (May 19, 1986), codified at 18 U.S.C. § 921, *et seq.* *See* 18 U.S.C. § 921(a)(20) ("Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter . . . ."); *Logan v. United States*, 128 S. Ct. 475, 479 (2007) ("For ACCA sentence-enhancement purposes, a prior conviction may be disregarded if the conviction 'has been expunged, or set aside,' or the offender 'has been pardoned or has had civil rights restored.'" (citing § 921(a)(20))). In *Fernandez*, a district court judge found that a youthful offender adjudication does not qualify as "'a violent felony' under 18 U.S.C. § 924(e)(1), as those terms are defined in 18 U.S.C. § 924(e)(2) and 18 U.S.C. § 921(a)(20)" because the youthful offender adjudication "sets aside" the underlying conviction. 390 F. Supp. 2d at 280. Parnell seeks to have us apply the reasoning of *Fernandez* to the

5

Guidelines. "Violent felonies" under the ACCA and "crimes of violence" under the Guidelines are both defined as any offense or crime "punishable by imprisonment for a term exceeding one year," *see* 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a). Thus, Parnell argues that because the definitions of "crime of violence" and "violent felony" are similar, and 18 U.S.C. § 921(a)(20) exempts "set aside" convictions from ACCA sentence-enhancement purposes, youthful offender adjudications which "set aside" convictions should also be exempted from the calculation of "crimes of violence" under the Guidelines.

We review a district court's sentence for procedural and substantive reasonableness, a standard "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.), *cert. denied*, 127 S. Ct. 192 (2006); *see also Gall v. United States*, 128 S. Ct. 586, 597 (2007). In reviewing for procedural reasonableness, an appellate court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall*, 128 S. Ct. at 597. We review a district court's interpretation of the Sentencing Guidelines *de novo*, and apply the clearly erroneous standard when evaluating a district court's findings of fact. *See United States v. Richardson*, 516 F.3d 145, 152 (2d Cir. 2008).

Assuming that Parnell's youthful offender adjudication may be disregarded for sentence-enhancement purposes under the ACCA, we reject Parnell's argument that we should import the "set aside" portion of 18 U.S.C. § 921(a)(20) into U.S.S.G. § 4B1.1. We have previously relied on authorities interpreting the ACCA's definition of a "violent felony," *see* 18 U.S.C. § 924(e)(2)(B), to interpret the Guidelines' definition of "crime of violence," *see* U.S.S.G. § 4B1.2(a). *See United States v. Brown*, 514 F.3d 256, 268-69 (2d Cir. 2008). However, we did so

6

because those provisions are substantially similar, making "'authority interpreting one phrase . . . persuasive in interpreting the other phrase.'"[3] *Id.* at 268 (quoting *United States v. Palmer*, 68 F.3d 52, 55 (2d Cir. 1995)). Thus we relied on a case which held that attempted third degree burglary of a building is a "violent felony" under the ACCA, to hold that third degree burglary of a non-dwelling could be considered a "crime of violence" under the Guidelines. *See id.* at 267-68 (relying on *United States v. Andrello*, 9 F.3d 247 (2d Cir. 1993) (per curiam), *cert denied*, 510 U.S. 1137 (1994)); *see also United States v. Jackson*, 301 F.3d 59, 62 (2d Cir. 2002), *cert. denied*, 539 U.S. 952 (2003).

Here, the statutory provision Parnell urges us to apply, 18 U.S.C. § 921(a)(20), however, is inconsistent with the plain language of the relevant Guideline. Thus we do not find it to be persuasive for interpreting the Guidelines or appropriate to import it into the Guidelines. The statutory definition applicable to the ACCA purposefully exempts convictions that have been

---

[3]     Under the ACCA,

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Under the Guidelines:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

"set aside" from the calculation of a defendant's previous convictions. 18 U.S.C. § 921(a)(20) ("Any conviction which has been expunged, or set aside . . . shall not be considered a conviction for purposes of this chapter. . . . "). *See Logan*, 128 S. Ct. at 485 ("Congress . . . sought to defer to a State's dispensation relieving an offender from disabling effects of a conviction" by enacting § 921(a)(20).). In contrast, U.S.S.G. § 4B1.1 does not exempt youthful offender adjudications that "set aside" a conviction from the calculation of prior felony convictions. Instead, the Guidelines are clear that an offense committed at age eighteen or older is a prior felony conviction for purposes of the Career Offender Guideline if it is "punishable by . . . imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, cmt. n.1 (providing definitions of terms used in section 4B1.1). Although the Guidelines are no longer mandatory, "district courts remain statutorily obliged to calculate Guidelines ranges in the same manner as before *Booker*," considering the applicable Guidelines and their commentary, as well as relevant policy statements. *United States v. Vaughn*, 430 F.3d 518, 526 (2d Cir. 2005), *cert. denied*, 547 U.S. 1060 (2006); *see also Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."); *United States v. Brady*, 417 F.3d 326, 332 (2d Cir. 2005). Because the Guidelines are clear, the District Court did not err in giving them their plain meaning in order to calculate the Guidelines range. *See United States v. Sloley*, 464 F.3d 355, 359 (2d Cir. 2006) ("We [give] the Guidelines language its plain meaning and force . . . .").

Applying the clear language of U.S.S.G. §§ 4B.1.1, 4B1.2, and the accompanying

Commentary, we held that two youthful offender adjudications for crimes committed before the defendant turned eighteen qualified as "prior felony convictions," for purposes of the Career Offender Guideline, because, after examining the substance of the proceedings, they could be considered "classified" as adult convictions. *United States v. Jones*, 415 F.3d 256, 263-64 (2d Cir. 2005) (applying U.S.S.G. § 4B1.2, cmt. n.1). We have also held that a district court may consider youthful offender adjudications when calculating a defendant's criminal history category under U.S.S.G. § 4A1.1, *see United States v. Driskell*, 277 F.3d 150, 154 (2d Cir.), *cert denied*, 537 U.S. 865 (2002), the base offense level under U.S.S.G. § 2L1.2, *see United States v. Reinoso*, 350 F.3d 51, 54 (2d Cir. 2003), and the base offense level under U.S.S.G. § 2K2.1, *see United States v. Cuello*, 357 F.3d 162, 168-69 (2d Cir.), *cert. denied*, 543 U.S. 890 (2004). Therefore, we find that it is clear that the Guidelines allow a District Court to consider youthful offender adjudications when calculating the number of "prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

In this case, Parnell was eighteen when he committed the offense that resulted in a conviction for attempted second degree burglary, for which he was later adjudicated as a youthful offender. Because that conviction was punishable by up to seven years' imprisonment, *see* N.Y.P.L. §§ 70.00, 110.05[5], it clearly qualifies as a "prior felony conviction," that is an "adult conviction" "punishable by . . . imprisonment for a term exceeding one year." U.S.S.G. §§ 4B1.1, 4B1.2, cmt. n.1. Thus, the District Court did not err when it included the youthful offender adjudication in Parnell's Career Offender calculation.

For these reasons, we AFFIRM the judgment of the District Court.

9