15-2942-cr
*United States v. Black*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand seventeen.

Present:
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                *Appellee,*

        v.                                                          15-2942-cr

ZACHARY BLACK, ALSO KNOWN AS TEHUTI B'ATZ ELOHIM BEY,

                *Defendant-Appellant.*[*]

---

For Appellee:          Emily Berger, Hiral D. Mehta, Nadia E. Moore, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

For Appellant:         Robert J. Boyle, New York, New York.

---

[*] The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Black lodges four distinct challenges to his convictions and sentences for conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. All lack merit. We assume the parties' familiarity with the underlying facts, the district court's rulings, and the arguments presented on appeal.

## I. Motion to Sever

Black first takes issue with the district court's denial of his *pro se* motion to sever Counts I and II (the methylone conspiracy counts) of the fourth superseding indictment. *See United States v. Black*, No. 1:13-cr-316 (E.D.N.Y. filed Oct. 20, 2014), ECF No. 133. That motion references both Federal Rule of Criminal Procedure 8, which concerns joinder of offenses in an indictment, and Federal Rule of Criminal Procedure 14, which permits relief when joinder appears to be unduly prejudicial. *See id.*

We review the denial of a Rule 8(a) motion *de novo*. *United States v. Litwok*, 678 F.3d 208, 216 (2d Cir. 2012). Joinder is proper if the offenses have a "sufficient logical connection." *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990). This Court conducts a "twofold inquiry: [1] whether joinder of the counts was proper, and if not, [2] whether misjoinder was prejudicial to the defendant." *Litwok*, 678 F.3d at

216. Denial of a Rule 14 motion for relief from prejudicial joinder, on the other hand, is reviewed for abuse of discretion. *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004). Rule 14 motions "will not be overturned unless the defendant demonstrates that the failure to sever caused him 'substantial prejudice' in the form of a 'miscarriage of justice.'"[1] *Sampson*, 385 F.3d at 190 (quoting *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991)). We need not determine whether Black's *pro se* motion is properly construed as made under Rule 8 or Rule 14 because his challenge fails even under our more stringent *de novo* review, and Black has failed to demonstrate any prejudice whatever.

In dismissing the methylone counts at the close of the Government's evidence, the district court recognized that "[t]he evidence . . . as to the [methylone] goes in as relevant in establishing the relationship between Raddy Breton and [Black]." Gov't App'x 2. The district court also gave the following limiting instruction after trial:

> Evidence was presented at trial about methylone, also known as molly. That evidence may be considered by you with respect to the relationship between the defendant and any co-conspirator in connection with the marijuana and money laundering conspiracies, and as to how the defendant ultimately came before the Court, but not as proof that the defendant is little [sic] guilty.
>
> The defendant is charged only with conspiracy to distribute and to possess with intent to distribute, I should say or to distribute marijuana, and conspiracy to commit money laundering.

---

[1] The Government repeatedly misstates the standard governing Rule 8 motions while arguing that Black's motion fell under Rule 8. *See* Appellee's Br. 27–28, 32, 44. Abuse of discretion review and the "substantial prejudice in the form of a miscarriage of justice" standard apply to Rule 14 motions, not Rule 8 motions. *See Litwok*, 678 F.3d at 216; *Sampson*, 385 F.3d at 190.

J. App'x 61–62.

At one point during deliberations, the jury asked the district court if "the indictment change[d] over the course of the trial." J. App'x 109. At that point, the district court further clarified its limiting instruction:

> With respect to your other question about the indictment, the jury is to consider only the two charges contained in the indictment that have been submitted to you. Conspiracy to distribute or to possess with intent to distribute marijuana and conspiracy to commit money laundering.
>
> You are not to speculate as to why the other charges were not submitted to you for your consideration. As I charged you previously, yesterday, evidence was presented at trial about methylone, also known as molly. That evidence may be considered by you with respect to the relationship between the defendant and any co-conspirator in connection with the marijuana and the money laundering conspiracies and as to how the defendant ultimately came before the court, but not as proof that the defendant is guilty.
>
> The defendant is charged only with conspiracy to distribute or possess with intent to distribute marijuana and conspiracy to commit money laundering.

J. App'x 113–14.

Black was not convicted of the methylone counts, and they were not submitted to the jury. The submitted evidence relating to the methylone conspiracy was nonetheless admissible to show Black's relationships with individuals who were also part of the marijuana conspiracy, *see United States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996) (explaining that "background information in a conspiracy case" may be admissible to "help the jury understand the basis for the co-conspirators'

relationship of mutual trust"), and the district court issued two specific, adequate limiting instructions to that end. Therefore, and given the remaining evidence of guilt was substantial, *see United States v. Ong*, 541 F.2d 331, 338 (2d Cir. 1976) ("[W]here untainted evidence of guilt is substantial, a greater demonstration of prejudice resulting from an erroneous failure to sever must be made before the error will be considered to require reversal."), Black has failed to demonstrate any prejudice resulting from the joinder of the two dismissed methylone counts.

That there was no prejudice also dooms Black's retroactive misjoinder argument. Retroactive misjoinder occurs when "joinder of multiple counts was proper initially, but later developments—such as a district court's dismissal of some counts for lack of evidence or an appellate court's reversal of less than all convictions—render the initial joinder improper." *United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994). Retroactive misjoinder applies where a defendant shows "compelling prejudice." *United States v. Vebeliunas*, 76 F.3d 1283, 1293–94 (2d Cir. 1996) (quoting *Jones*, 16 F.3d at 493)).

In evaluating "compelling prejudice," the Court considers: (1) whether "the evidence introduced in support of the vacated count . . . was of such an inflammatory nature that it would have tended to incite or arouse the jury into convicting the defendant on the remaining counts[;]" (2) the degree of overlap and similarity between the evidence and facts pertaining to the dismissed count and that pertaining to the remaining counts; and (3) "a general assessment of the

5

strength of the government's case on the remaining counts." *Id.* at 1294 (internal citations and quotation marks omitted).

The methylone conspiracy evidence was not so inflammatory that it would incite or arouse the jury because the evidence presented on the counts of conviction was of a similar nature. *See United States v. Hamilton*, 334 F.3d 170, 182 (2d Cir. 2003) (evidence not inflammatory where "the evidence that the government presented on the reversed counts was, as a general matter, no more inflammatory than the evidence that it presented on the remaining counts."). Further, the degree of overlap between the methylone evidence and the marijuana and money laundering evidence was slight, reducing the risk of prejudice because the jury could easily separate and decide the counts. *See id.* at 183. And, as noted, the Government's case on the marijuana and money laundering conspiracies was otherwise strong. Black has thus failed to demonstrate "compelling prejudice," and he has accordingly not established retroactive misjoinder.

## II.    Jury Instruction

Black next challenges the district court's instruction on his use of multiple names. We review jury instructions *de novo* while "viewing the charge as a whole," and Black must demonstrate both error and prejudice for the instruction to constitute reversible error. *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (quoting *United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir. 2006)). Using different names can be probative of consciousness of guilt, *see United States v.*

*Stevens*, 83 F.3d 60, 67 (2d Cir. 1996) (per curiam), and that is the purpose for which this evidence was admitted.

On appeal, Black argues that the legality of his name change strips any probative value from his use of either name. The evidence, however, showed that Black used the names "Zachary Black" and "Tehuti Bey" interchangeably, depending on his activities. He used Bey when he was stopped by the police in Oregon but used Black to rent a car, book hotel stays, and maintain bank accounts. Using different names in different situations may in fact be probative of consciousness of guilt, and the district court gave a tailored limiting instruction to that effect. The district court did not err in so instructing the jury.

## III. Sentence

We likewise find no error in the imposed sentence. A sentence's substantive reasonableness is determined by assessing "the length of the sentence . . . in light of the factors outlined in 18 U.S.C. § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Review for substantive reasonableness is highly deferential and "akin to review for abuse of discretion." *United States v. Parnell*, 524 F.3d 166, 169 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir 2006)).

The district court articulated its reasons for departing upward, specifically the need for punishment, the seriousness of Black's crime, Black's criminal history, his commission of other, uncharged offenses, and his likelihood of recidivism. The district court further took into account inconsistencies in the presentence report and

7

Black's uncooperative stance in the preparation of that report. The complete analysis and imposition of sentence were sound exercises of the district court's discretion. The sentence was substantively reasonable.

**IV. Fine**

Finally, we find no error with respect to the $10,000 fine imposed pursuant to § 5E1.2(a) of the Sentencing Guidelines, which we review for abuse of discretion, *United States v. Salameh*, 261 F.3d 271, 276 (2d Cir. 2001) (per curiam). As Black acknowledges, he did not file a required list of assets with the Probation Office. *See* Appellant's Br. 55. The district court explicitly noted that his lack of cooperation with the Probation Office meant that the Office could not corroborate any tax information or provide any analysis of Black's finances. Faced with the absence of any concrete financial information, the district court reasonably based its analysis on the fact that Black's criminal enterprise laundered over $2.5 million. Further, present inability to pay is not necessarily a bar to the imposition of a fine. *See United States v. Thompson*, 227 F.3d 43, 45 (2d Cir. 2000) ("Evidence of present indigence by itself, . . . is not an absolute barrier to the imposition of a fine"); *see also United States v. Kakoullis*, 150 F. App'x 80, 82 (2d Cir. 2005) (summary order). Here, Black failed to meet his burden to show that he was unable to pay and unlikely to become able to pay the imposed fine.

We have considered Black's remaining arguments and find them to be without merit. Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk